CHARLES A. KRAUSE *et al. vs.* MORRIS THOMAS *et al.*

Argued April 21, 1893. Decided May 8, 1893.

**Answer Construed.**

    A certain part of defendants' answer examined, and *held* not to constitute a defense or counterclaim to the cause of action set forth in the complaint to which it referred.

Appeal by defendants, Morris Thomas and T. A. Sheridan, from an order of the District Court of St. Louis County, *J. D. Ensign,* J., made June 14, 1892, sustaining a demurrer to the counterclaim in defendants' answer.

v.53M.—14

The plaintiffs, Charles A. Krause and Miah H. Hulett, were partners doing business under the name Fond du Lac Brownstone Co., and in 1891, sold and delivered to defendants at Duluth a large quantity of curbing and cut stone to be used by defendants in carrying out their contract with that City, for grading, paving, curbing and improving Second street between Kentuckey and Thirteenth avenues. This action was to recover $2,403.70 unpaid balance of the price. The answer, for counterclaim, attempted to state a special contract with plaintiffs, under which the stone was furnished, and to state its violation by plaintiffs, and resulting damages to defendants.

To this answer plaintiffs demurred, and the trial court sustained the demurrer, and defendants appealed.

*J. C. McClure* and *Wm. B. Phelps,* for appellants.

*Spencer & Kennedy,* for respondents.

COLLINS, J.   Action to recover a balance said to be due to plaintiffs on account of curbing and cut stone sold and delivered to defendants. Four causes of action were set out in the complaint, the second referring to curbing stone only. The answer alleged the making of a contract between defendants and the proper authorities of the city of Duluth, whereby the former agreed to do certain street work, in accordance with plans and specifications prepared by the city engineer, and that thereafter plaintiffs and defendants entered into a written contract, made a part of the answer, under which the latter were to furnish necessary curbing stone for the street work, according to such plans and specifications, to be delivered free on board cars at the quarry, to be shipped as directed by defendants, and to be paid for at a stipulated price per lineal foot. There was also a clause in the contract that all of the stone was to be delivered by the 1st day of the following August. A part of the answer was devoted to the second cause of action, and this part was demurred to on the ground that neither a defense nor a counterclaim to said second cause of action was set forth therein.

We pass by the first paragraph of that portion of the pleading covered by the demurrer with the remark that there was no apparent connection between the curbing mentioned in plaintiffs' second cause of action, for which they were endeavoring to recover the

contract price, and the defective curbing referred to as having been refused and rejected by defendants. It was not alleged that it was a part of the curbing on which the second, or any other, cause of action was founded.

The paragraphs in the answer immediately following the first, in respect to the increased wages of laborers during the latter part of October and during the month of November, in reference to the shortening of hours constituting a day's work in the month last named, and the hindrance and delay of the work, may be disposed of by saying that, even if the defendants could counterclaim and recover by reason of these matters, it is nowhere averred that they directed the plaintiffs when to deliver the stone on the cars, or when to ship the same, or that the stone was not delivered and shipped precisely as ordered by defendants; nor is there an averment that all was not delivered by August 1st, as provided for in the contract. In many ways these allegations were defective and demurrable.

By bringing forward a portion of the answer, so that it may do duty in connection with the defense and counterclaim in question, it appears that, according to the plans and specifications furnished by the city engineer, each stone was to be dressed smooth and even on top; the face of each was to be dressed smooth and even to the depth of ten inches below the top; the back of each was to be thus dressed to the depth of six inches; the ends were to "be dressed smooth, so as to make close joints through the full thickness of the stone, for a distance of not less than ten inches down from the top, and all joints to be made close-fitting." Referring to these requirements, the answer stated that "the curbing was not in accordance with the plans and specifications, in that they were not dressed smooth, so as to make close joints, and the same could not be made close-fitting." Conceding that it would be possible to discover, from the balance of the allegation, in what manner, and to what extent, defendants were injured and damaged by reason of the defects mentioned,—and of this we have doubt,—it is obvious that it did not appear from the pleading that the ends of the stones were not dressed smooth, so as to make close joints through the full thickness of the stone "for a distance of not less than ten inches down from the top, and all joints made close-fitting." This was

all that was required by the plans and specifications, and that part of the answer in which an attempt was made to set forth noncompliance with the same failed to contain an allegation that the ends of the stone were not dressed smooth to the depth of ten inches from the top, so as to make close joints. Below this space of ten inches, close-fitting joints were not required.

As appellants' counsel omit to refer to, or make any claim for, the averments in the answer concerning the execution and delivery of a bond to the city to restore and replace the curbing should it prove imperfect and defective, we do not feel called upon to discuss the same.

Order affirmed.

VANDERBURGH, J., took no part in this case.

(Opinion published in 54 N. W. Rep. 1114.)